**AJAX MFG. CO. v. NATIONAL MACH. CO.**

**NATIONAL MACH. CO. v. AJAX MFG. CO.**

Nos. 7289, 7290.

Circuit Court of Appeals, Sixth Circuit.

Dec. 7, 1937.

John F. Oberlin, of Cleveland, Ohio (Fay, Oberlin & Fay, Robert M. Calfee, and Robert W. Wilson, all of Cleveland, Ohio, on the brief), for appellant.

F. O. Richey, of Cleveland, Ohio (H. F. McNenny, Paul J. Bickel, Richey & Watts, and Squire, Sanders & Dempsey, all of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The present patent infringement suit involves two patents issued to William L. Clouse, both relating to improvements in forging machines. The first, No. 1,297,101, granted March 11, 1919, on application filed October 14, 1918, is for a heading slide and was held below to be valid and infringed; the court overruling the master's findings in such respects. The second patent, No. 1,683,956, granted September 11, 1928, on an application filed June 8, 1926, is for a gripping slide, and was held invalid for want of invention in affirmance of the master's report. No. 7289 is the appeal of the defendant below from the decree on the first Clouse patent, and No. 7290 is the plaintiff's appeal from the decree dismissing its bill in respect to the second Clouse patent.

Forging is plastic deformation of metal, and forging machines are designed to accomplish generally the various operations earlier performed in the forge of the blacksmith by hammer and anvil. The general organization of such machines has become conventional and follows substantially that disclosed by the now expired patent to J. R. Blakeslee, No. 395,806, granted in 1889. The commercial structure of the plaintiff and the alleged infringing device in the main follow such conventional organization. A forging machine usually consists of a massive bed on which are mounted two dies; one stationary and the other movable and carried by a gripping slide. The gripping slide moves transversely of the path of movement of the main or heading slide, which carries the forging tool, so that when metal which is to be worked is introduced between the dies and gripped, the tool carried by the heading slide forms it to the impression provided in the dies. It is the hammer of the more primitive hammer and anvil combination. The heading slide is reciprocated by some conventional means for translating rotary into reciprocating motion operatively connected to the shaft, which also through well-known means reciprocates the gripping slide in timed relation to the movement of the heading slide.

It was long understood that a heading slide for forging machines must not be too short for the reason that a short slide with appropriate clearance between it and its frame or bearing tends to cock, and so destroys the proper alignment of the tool with respect to the work. Lengthening the slide reduces the amount of cocking and thus also variations in articles produced on the machine. The long slide, however, introduced other sources of error, since it subjected a relatively long portion of the frame to stretch and the entire slide was subject to compression. The inventor sought to reduce the size of forging machines without shortening the heading slide or sacrificing its advantages, and to provide a heading slide which bridges the operating shaft and its connections so as to enable the slide to be supported both forward of and to the rear of the shaft. He says in his patent: "Heretofore the shaft has been located back of the path of the movement of the slide and the pitman or the like has been interposed between the shaft and the slide." Clouse sought to accomplish his objectives by a heading slide conventionally mounted in a channel or frame, and bearing on its bottom, but having an intermediate arched portion bridging the shaft and its connections, with the arch so proportioned as to permit an eccentric and pitman to work freely below the arch to reciprocate the slide. He was allowed two claims, both printed in the margin.[1] By means of this construction, it is contended, he eliminated much of the stretching of the frame and compression of the slide, secured greater precision in the operation of the tool, and therefore more uniformity of product.

The court below recognized, as did the master, and as do we, that all of the elements of the claims in suit are disclosed by the prior art in similar or related environment. Forging machines having heading slides with outboard bearings and actuating means housed by the so-called offset portions are depicted or described in patents to Marland, 172,272; Lackner, 355,456; Long, 938,599; and Clouse, 943,768. This was also true of old forging machines made

[1] 1. In a bolt heading and forging machine a heading slide having an intermediate offset portion, an operating shaft extending transversely of the slide and past the offset portion, and means housed by said offset portion for transmitting motion from the shaft to the slide.

2. In a bolt heading and forging machine the combination with a frame having a guideway, of a heading slide mounted on the guideway, an operating shaft, said slide bearing on the guideway at opposite sides of the shaft and extending across the shaft, and means connecting the shaft with an intermediate portion of the slide for operating the slide.

and sold by the plaintiff more than two years prior to the date of the Clouse application. While the present patent depicts the driving means for the heading slide to be an eccentric and pitman, the claims are not limited to such means, and even if they were to be so construed, as apparently they were below, Blakeslee so operated from the shaft, though his power was applied at the rear of the slide rather than at an intermediate point therein. The court concluded that since the precise combination of the patent was nowhere to be found in the art, there was no anticipation, and this is sound enough. But the court also ruled, upon authority of Webster Loom Co. v. Higgins, 105 U.S. 580, 591, 26 L.Ed. 1177, and Expanded Metal Co. v. Bradford, 214 U.S. 366, 381, 29 S.Ct. 652, 53 L.Ed. 1034, that the patent must be sustained because it disclosed a new combination of elements, old in themselves, but producing a new and useful result. This was conceived to be in securing better alignment and longer and more uniform stroke in the slide, and in making some forging operations possible for the first time.

The principle, so often applied by this as by other courts, that invention may reside in a combination wherein old elements are for the first time brought into operative relationship, does not, however, relieve us of duty to determine whether the creative faculty is exercised in the concept of their combination, for a patentable combination "is as much a unit in contemplation of law as a single or noncomposite instrument" Leeds & Catlin Co. v. Victor Talking Machine Co., 213 U.S. 325, 29 S. Ct. 503, 505, 53 L.Ed. 816, and, "Invention in a combination patent lies in the concept of combining the several elements, whether they be old or new" Kodel Electric & Mfg. Co. v. Warren Telechron Clock Co., 6 Cir., 62 F.2d 692, 694. In determining whether the inventive faculty is exercised, the problem is not that of ascertaining novelty or utility of a disclosed machine, for these are often the product of skill in the art. So producing a new or an improved result is not conclusive upon the question of invention, for however meritorious may be the inventor's thought in terms of result, unless the means adopted in attaining it denote invention, either separately or in combination, he may not have a valid patent. Reo Motor Car. Co. v. Gear Grinding Machine Co., 6 Cir., 42 F.2d 965, 968.

Careful analysis of the claims in suit and the specification and drawings of the patent in the light of the state of the art, compels the conclusion that what the inventor did, and all he did, was to place a well-known means for translating rotary motion into reciprocatory sliding motion at a point intermediate the ends of his heading slide instead of at its rear. We have held, Lees-Bradner Co. v. National Tool Co., 6 Cir., 52 F.2d 782, 783, Detroit Stoker Co. v. Brownell Co., 6 Cir., 89 F. 2d 422, decided April 7, 1937, that there is no invention in merely applying driving power at one end of a chain of elements instead of at the other end, for mere transposition of parts does not constitute invention. By the same reasoning, there can be no invention in merely applying driving power intermediate a chain of elements, or in one of its links, when no difficulty in so doing appears that is beyond expected skill in the art. In the Lees-Bradner Case, supra, it was contended as here that greater precision was attained and that there was recognition of lost motion in prior machines. Such contention was held inadequate to support an inference of invention. In Gordon Form Lathe Co. v. Walcott Machine Co., 6 Cir., 32 F.2d 55, 61, the patent disclosed a tool pivoted at its point for the cutting of nongeometrical forms. The infringer pivoted his tool remote from its point and secured far better results. He could not escape infringement. Had he been earlier he would, under familiar rules, have anticipated, or have reduced an asserted forward step to insignificance. In one of its latest pronouncements on this issue, Altoona Theatres v. Tri-Ergon Corporation, 294 U.S. 477, 55 S.Ct. 455, 459, 79 L.Ed. 1005, the Supreme Court said: "The patentees brought together old elements, in a mechanism involving no new principle to produce an old result, greater uniformity of motion. However skillfully this was done, and even though there was produced a machine of greater precision and a higher degree of motion constancy, and hence one more useful in the art, it was still the product of skill, not of invention." Our conclusion is that the first Clouse patent in suit is invalid for want of invention.

The second Clouse patent is for a gripping slide in a forging machine. So far as we are able to see, it follows the teachings of the prior art except that the bearings for the slide are elevated for the

purpose of removing them so far as possible from the effect of water used in the forging operation. Resulting scale invaded the bearings and tended to wear and injury. This improvement could be nothing more than a mere mechanical expedient calling for no inventive skill. Both master and court found the second Clouse patent invalid and we agree.

Reversed and remanded, with instructions to dismiss the bill.