## JOHNSON CHAIR CO. v. MILWAUKEE CHAIR CO.

### Civ. No. 4939.

District Court, E. D. Wisconsin.

April 4, 1941.

Fred Gerlach, of Chicago, Ill., for plaintiff.

Warren G. Wheeler (of Wheeler, Wheeler & Wheeler), of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

This is a suit based on alleged infringement of Johnson Reissue Patent No. 18,913. The defense is invalidity because of lack of invention over the prior art; invalidity of the reissue patent because of inclusion of new matter, and no foundation for same in the specifications or drawings; and noninfringement.

On July 14, 1927, Walter J. Johnson and Arthur L. Johnson filed application for patent relating to improvements in chair backs for the type of chair commonly used by stenographers. On July 1, 1930, there was issued Letters Patent No. 1,769,294; and on August 8, 1933, the Patent Office issued Reissue No. 18,913. On May 8, 1936, Walter J. Johnson and Arthur L. Johnson assigned the reissue patent to the plaintiff. It was stipulated that the plaintiff relied only upon Claim No. 3 of the reissue patent, which reads: "The combination of a chair having a seat, a support fastened to the underside of the seat, upright supporting means fastened to the support by a pivot beneath the seat whereby the supporting means is pivotally mounted in respect to the seat and yieldingly mounted relative to the seat so as to yield rearwardly with respect to said seat, and a lumbar back rest pivoted about a horizontal axis and connected to the upright supporting means, said back rest being free to pivot on its axis in a vertical arc on each side of a plane perpendicular to the seat whereby to provide a floating back for said chair adapted to support the back of a person sitting in said chair in all sitting postures."

A combination of elements, all of which are old but which produce a new and better result, or the same result in a new and materially better way, is an invention. Young Radiator Co. v. Modine Mfg. Co., 7 Cir., 55 F.2d 545; Weil Pump Co. v. Chicago Pump Co., 7 Cir., 74 F.2d 13. Invention in a combination patent lies in the concept, combining several elements, whether they be old or new. Ajax Mfg. Co. v. National Mach. Co., 6 Cir., 93 F.2d 344.

Several chairs in the prior art embodied some of the elements specified in Claim 3. The question to be determined is whether any of them achieve the combination as set forth in said claim. The problem which Johnson sought to solve was to find a chair which would support the lumbar region of the back in its natural position, and in substantially the same position in all sitting

postures. If the chair did not function to support the lumbar region in its natural position, changes in sitting posture might increase rather than decrease fatigue. Johnson found that chairs with back rests pivoted to uprights which were fixed to, and tiltable with, the seat of the chair did not achieve the result sought because they did not provide for the pivotal movement of the back of the person in a natural manner; also in prior chairs in which back rests were fixed to the uprights, which were pivoted beneath the seat, the desired result was not accomplished, because the relative change in angle between the front of the back rest and the back of the person in different sitting postures did not conform to the natural position of the lumbar area of the back. Also, chairs in which the seat is pivoted to the iron beneath the seat, and the back and seat are rigidly connected, did not provide for changes in sitting postures by permitting natural pivotal movement of the back of the person.

Johnson found a solution to the problem in the combination of the nontilting seat, the uprights pivoted to the seat support beneath the seat, and the floating back. With this combination the back rest supports the lumbar region of the back in its natural shape in all sitting postures, and if the person in the chair leans back to as much as a 20% angle, the back rest will remain against the person's back in the same position, and there will be no up and down movement of the back rest nor a rubbing against the back of the person seated. When a person sitting in a chair reclines backward, the back of the person must pivot on the joint between the thigh and the backbone. The chart produced by plaintiff shows that the lumbar vertebrae swing rearwardly and downwardly. The problem was to have the back rest swing as nearly as possible in an arc conforming to the arc of the vertebrae supported by the back rest.

The operation of the Johnson chair of the patent in suit is described as follows: The pivot or fulcrum for the upright is located beneath the seat to permit natural pivotal movement of the upper part of the body so the pivot for the back rest will swing in an arc without substantial relative change of the position of the rest in its natural and comfortable position in the hollow or lumbar region of the back of the person. This results in the pivot between the back rest and the upright moving in an arc from a fulcrum or pivot beneath the seat. The pivot for the lumbar back rest on the upright causes the rest to swing in a vertical arc on each side of the plane perpendicular to the seat so that the back rest will tilt when the upright is swung rearwardly by pressure against the rest and remain conformed to the hollow of the back of the person during changes in the inclination of the person as she leans backwardly in the chair.

Chichester Patent No. 659,811, which is the only prior patent exhibiting a pivoted upright and a pivoted back rest, did not obtain the results shown in the Johnson chair because the pivot for the uprights was above the seat and rearwardly of the position of the back of the person occupying the chair. The Chichester patent was cited by the Patent Office and the reissue was allowed after a consideration of the same. Zimmerli Patent No. 1,437,630 did not obtain the desired results because he provided no pivot for the back rest. The purpose of the Zimmerli patent was primarily to produce a strong chair which could stand up under rough use in factories.

The prior patentees missed the result sought and achieved by Johnson in providing a chair in which the elements were coactively combined to permit the natural pivotal movement of the upper portion of the body of the person, and in all sitting postures, support the lumbar region with comfort, so that fatigue could be overcome by changes in the sitting postures.

■ I conclude that the combination of the elements in Claim 3 produced a new result and was an advance in the art. The invention there disclosed was valid over the prior art.

The second defense is that Claim 3 is invalid in the reissue patent, because (a) no foundation therefor can be found in the specification or drawings as required by Sec. 33 of Title 35, U.S. Code, 35 U.S.C.A. § 33; and (b) the sole features of possible novelty therein contained constitute new matter injected into the reissue application in violation of Sec. 64 of Title 35, U.S. Code, 35 U.S.C.A. § 64.

■ The statute authorizing reissue patents, 35 U.S.C.A. § 64, specifically prohibits the introduction of new matter into the reissue application. I have, therefore, made a careful examination of the file

wrapper and it is clear to me that the pivot beneath the seat was new matter which was injected into the reissue patent. The examiner at one stage of the reissue proceedings refused the claim now known as No. 3, on this ground. I approve of the statement of the examiner when he stated, "A reissue must be for the same invention as the original patent and may either broaden or narrow the scope of the original claims, but a shifting of the grounds is not permissible." It is not apparent why the examiner, in view of that statement, did not continue to reject the claim.

Figures 7 and 8 of the drawings are the only ones showing any structure below seat 16. If there is any pivot disclosed anywhere, it must appear in one or both of these figures.

No connection, pivotal or otherwise, is shown between uprights 12 and any structure beneath the seat 16, except a strap which is not shown to be connected to anything beneath the seat.

The reason that the drawings do not show any pivot connection between the seat supporting structure and the uprights 12 is that apparently there was no intention, at the time the drawings were made, to describe or claim anything other than the structure at the top of the supports.

We are told for the first time in the reissue patent that the back support is tiltable, and also that it is tiltable rearwardly.

The original patent merely described and claimed the upper part of a chair back having a free pivoting, self-adjusting back rest, and contained no disclosure as to the specific location and character of the connection between its supports and the seat and base, other than that expressed by the statement that it may be conventional. In the original application, the applicants claimed as their invention merely the back rest and its connection with conventional supports, such as the uprights 12 (Figures 1 and 2) or 20 (Figures 9 and 10). The description of said uprights recited that "they may be adjusted" without disclosing their specific connection or means for adjustment.

There is a failure to explain the invention so far as same pertains to the pivot in such terms that a person skilled in the art might construct and use same after the expiration of the patent. This was necessary under the statute as interpreted in Permutit Co. v. Graver Corp., 284 U.S. 52, 52 S.Ct. 53, 76 L.Ed. 163.

It is my conclusion that Claim 3 of the reissue patent, based upon a specific connection between the back of the seat and its base, constitutes new matter which was added by the reissue proceedings and was unwarranted by any disclosure in the original patent, and that said Claim 3 is therefore void.

In view of my conclusion of the invalidity of Claim 3, it may not be important at this point to discuss the defense of noninfringement. However, in order that all of the questions before me may be decided, I may make this observation. If Claim 3 were valid, it is my opinion that there was an infringement by the defendant's chair. The various elements of Claim 3 are present: the seat; the supporting bracket on the under side of the seat; the upright fastened to the bracket by a pivot beneath the seat, whereby the upright is pivotally mounted with respect to the seat, and yieldingly mounted relative to the seat, so as to yield rearwardly with respect to said seat; likewise the lumbar back rest, pivoted on a horizontal axis and connected to the upright supporting means and free to pivot on its axis in a vertical arc on each side of a vertical plane of the seat. There is a floating back rest, because it is pivoted to support the back of the person seated in the chair in all sitting postures. It is my opinion that the spring contained in the back rest in the defendant's chair does not avoid infringement.

It follows from the determination that Claim 3 is void that this action must be dismissed.